United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **BERNARDO RUIZ GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01264** |
| | § | |
| **SECRETARY OF HOMELAND SECURIT,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Petitioner Bernardo Ruiz Gonzalez ("Petitioner") on July 17, 2026. (Dkt. 1.) Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) arguing that his detention violates his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 6–7.) Respondents filed a Response, (Dkt. 11), informing the Court that on June 22, 2026, an immigration judge (IJ) denied Petitioner's applications for asylum and related protections but granted his request to withdraw his application for admission to the United States under 8 U.S.C. § 1225(a)(4) in lieu of a formal removal order. (*See* Dkt. 11, Attach. 5.) Petitioner subsequently filed a reply, (Dkt. 15), asking for immediate release from custody. On August 11, 2026, Respondents filed an advisory indicating that Petitioner was repatriated to Mexico in accordance with his request to withdraw his application for admission. (Dkt. 16.) Respondents also requested that the Court dismiss the habeas petition as moot given that Petitioner is no longer is custody. (*Id.* at 1.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted)). In the immigration context, the removal of a noncitizen who challenges only the duration of his post-removal-order detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner departed the United States pursuant to an IJ's order granting his request to withdraw his application for admission under 8 U.S.C. § 1225(a)(4) on August 11, 2026. (*See* Dkt. 11, Attach. 5; Dkt. 16 at 1.) Because Petitioner challenged only his ongoing detention and has now been released from confinement in DHS custody, the petition is moot because there is no relief to be effectuated. If future detention does occur, Petitioner may file another petition at that time.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case.

IT IS SO ORDERED.

SIGNED this August 11, 2026.

Diana Saldaña
United States District Judge